JAMES S. MORTON, RESPONDENT, *v.* THE METROPOLITAN LIFE INSURANCE COMPANY AND THOMAS W. BUTTLE, APPELLANTS.

*Corporation — may be sued for a malicious prosecution.*

An action for malicious prosecution will lie against a corporation.
*Semble,* that the corporation would not be liable to such an action by reason of its ratification of an act already completed by its agent.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an alleged malicious prosecution of the plaintiff by the defendant. The plaintiff had been charged, before a justice of the peace, with having feloniously embezzled money belonging to the defendant.

*William H. Arnoux,* for the appellants.

*B. F. Watson* and *Hugo Hirsh,* for the respondent.

PRATT, J.:

No good reason can be presented why a corporation should not be held liable in a proper case for malicious prosecution. Actions for libel, for assault and battery and for willful trespasses, in all of which the intent of the mind is an essential element, have been successfully prosecuted against corporations and the recovery upheld by the courts, and no distinction can be made between the principle which underlies that class of actions and an action for malicious prosecution. No action for malicious prosecution against a corporation has been reported in this State, but elsewhere the courts have sustained them. (*Fenton* v. *Wilson Sewing Machine Co.,* 9 Phil., 189; *Goodspeed* v. *East Haddam Bank,* 22 Conn., 535; *Vance* v. *Erie Railroad Co.,* 3 Vroom., 334; *Boogher* v. *Life Assn. of America,* 42 Am., 413.) We concur in the reasoning and decision of these cases. I think there was no error in the submission of the case to the jury. The evidence as to the payment of the counsel's bill for services was not offered to prove a ratification by the corporation of an act already completed by the agent, but was proper to show whether the arrest and prosecution of the plaintiff was the individual act of Buttle, the superintendent, or was an act of the corporation itself. The corporation necessarily acts through some of its officers. Buttle had made the affidavit upon which the warrant was issued, and upon which the plaintiff was arrested. If this was the individual act of Buttle then the company would not have been liable; and it is very doubtful whether any act of the corporation, after the termination of the prosecution, could so far ratify Buttle's acts as to make the company liable. But if the company had authorized Buttle to prosecute the plaintiff, or after the arrest had been made, they became parties to the action, and continued or assented in the prosecution, they would be liable for their own acts, and the evidence, whether the counsel who conducted the case before the magistrate was employed by Buttle or by the company, was a very important fact for the jury to know. The charge of the court was clear upon this branch of the case, and is not susceptible of the construction given it by the counsel for the appellant.

It was, in substance, that if the jury should find "that the corporation was connected with the action of its officers by the payment of the expenses incurred in this prosecution, or if they approve of the prosecution and devolved that duty upon its officers," then if the other elements of the case were made out the corporation might be held liable. It is impossible to understand this language as meaning that the company could make itself liable by a ratification subsequent to the termination of the criminal prosecution.

The question of the advice of the counsel was properly left to the jury. It was for them to determine, in considering the question of probable cause, whether the advice was sought in good faith. It appeared from plaintiff's testimony that he had informed Buttle and the president of the company that the money, which it was plain he had embezzled, had not been paid to him by the sub-agents, but had been deposited with him temporarily for safe keeping. If this was true it was a good defense to the charge. Buttle denied that such a statement was made to him, and it was not communicated by Buttle to his counsel. Whether the plaintiff's story was true or not, and if it was true, whether Buttle acted in good faith in stating the case to his counsel or not, were facts properly left to the determination of the jury. The question was not presented in such a shape that the court could have ruled upon it as a question of law.

The exception to that part of the charge which stated that the plaintiff would be entitled to recover at least nominal damages, unless the defendant proved the truth of the whole charge is not well taken. The exceptions and argument of counsel upon it wholly ignore that part of the charge relating to the defense of probable cause; the jury were instructed that if they should find that the prosecution of the plaintiff was authorized by the corporation and that it had failed, they should then consider the question of probable cause. Upon this branch of the case they were to determine whether the charge of embezzlement was true. If it was, then there was an end of the case; the verdict was to be for the defendant. If true in part only, then plaintiff might recover nominal damages, but if they should determine that the charge was not true the plaintiff was not necessarily to have a verdict. They were then to consider whether the defendant had probable cause to

believe the charge true, and if they had, then the verdict was to be for the defendant. The question of probable cause was very fully explained and illustrated to the jury. The exception is taken to an isolated part of the charge, which, if it stood alone, would doubtless be susceptible to the criticism made upon it, but in the connection it was stated it was not misleading and constituted no ground for error.

The rule of damages was properly stated, and we find no ground for reversing the judgment in any of the exceptions taken to the rulings upon the admission of evidence.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., dissented.

Judgment and order denying new trial affirmed, with costs.